UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES HOLTRY, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED PERSONS;<br><br>Plaintiff,<br><br>vs.<br><br>LITTLE FALLS PIZZA, INC,<br><br>Defendant. | 5:24-CV-05064-RAL<br><br>ORDER GRANTING JOINT MOTION TO APPROVE STIPULATED FORM OF NOTICE OF COLLECTIVE ACTION AND MOTION TO STAY |

Before this Court is the parties' Joint Motion to Approve Stipulated Form of Notice of Collective Action and Motion to Stay. Doc. 10. For the following reasons, the motions are granted.

## I.     Facts and Procedural Background

Defendant Little Falls Pizza, Inc. ("Little Falls Pizza") is a South Dakota corporation located in Rapid City, South Dakota, that operates several Papa John's Pizza franchises. Doc. 1 at 1–2. As part of its operations, Little Falls Pizza employs delivery drivers who deliver pizza and other food items to customers using their own vehicles. Id. at 1. Plaintiff James Holtry was formerly employed by Little Falls Pizza as a delivery driver for one of Little Falls Pizza's franchises. Id. Holtry was paid $9.99 an hour including a tip credit. Id. at 5. Little Falls Pizza has a delivery driver reimbursement policy that reimburses delivery drivers on a per-mile basis. Id. at 3. Little Falls Pizza reimbursed drivers at a rate of $0.24 dollars per mile. Id. at 6. Holtry

alleges that Little Falls Pizza's reimbursement rate inadequately reimburses drivers for the expenses related to operating their own vehicles. Holtry further alleges that, after accounting for unpaid vehicle expenses, his hourly wage rate fell below the federal minimum wage. Id. On August 14, 2024, Holtry filed a Complaint on behalf of himself and "all other similarly situated delivery drivers," alleging Little Falls Pizza failed to pay its delivery drivers the federal minimum wage in violation of the Fair Labor Standards Act ("FLSA"). Id. at 9–11.

On January 31, 2025, the parties filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action and Motion to Stay. Doc. 10. In the motion, Little Falls Pizza "consents to an Order conditionally certifying this case as a collective action under the FLSA and authorizing that the notice attached hereto as Exhibit A be sent to all current and former delivery drivers employed by Defendant within three years preceding the Court's Order approving notice." Id. at 2. Further, Holtry and Little Falls Pizza agree that the stipulation to conditional certification is not an admission that Little Falls Pizza is liable and that Holtry must still obtain final certification. Id. Little Falls Pizza reserves the right to oppose final certification and to file a motion to decertify the collective action. Id. Holtry and Little Falls Pizza further stipulate to proposed Notice of Collective Action Lawsuit ("Notice") and Consent to Join ("Consent") forms and to a course of action for notifying all potential class members. Finally, the parties request that this Court stay the proceedings while they attempt to reach a settlement. Id. at 3.

**II.   Discussion**

Section 216(b) of the FLSA authorizes employees to sue their employer or former employer on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Plaintiffs may be similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all

the plaintiffs." Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 796 (8th Cir. 2014). "Unlike class actions brought under Federal Rule of Civil Procedure 23 where members must 'opt-out' or be bound by the lawsuit's outcome, the FLSA collective action process is reversed: individuals must 'opt-in' to be a part of the lawsuit." Beukes v. Boehnke, No. 24-cv-828, 2024 WL 4380815, at *3 (D. Minn. Oct. 3, 2024). The Supreme Court has interpreted § 216(b) as giving district courts the "authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). The United States Court of Appeals for the Eighth Circuit has yet to endorse any specific approach for determining whether a collective action is appropriate. However, a majority of the district courts in the Eighth Circuit use a two-step analysis.

The first step requires a plaintiff to make only a modest factual showing "that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers v. Hertz, 624 F.3d 537, 555 (2d Cir. 2010) (cleaned up and citation omitted). This lenient standard typically results in the district court conditionally certifying a collective action. See Haworth v. New Prime, Inc., 448 F. Supp. 3d 1060, 1066 (W.D. Mo. 2020); Chin v. Tile Shop, LLC, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014). But conditional certification is not guaranteed; plaintiffs must present at least "some evidence" to support their allegations of being similarly situated. If the plaintiff makes the necessary showing, the district court will then authorize notice of the collective action to the potential plaintiffs and may order discovery of the names and contact information of these potential plaintiffs to facilitate the notice process. Haworth, 448 F. Supp. 3d at 1066. Importantly, "'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action." Genesis Healthcare Corp. v. Symcyzk, 569

U.S. 66, 75 (2013). Step two "occurs after notice, time for opting-in, and discovery have taken place." Frazier v. PJ Iowa, LC, 337 F. Supp. 3d 848, 862 (S.D. Iowa 2018). This step—usually triggered by a defendant's motion to decertify—requires district courts to review the similarly-situated question under a "stricter standard" and determine whether the plaintiffs are, in fact, similarly situated. Id.

Here, the parties stipulate to this Court's conditional certification of a class of "all current and former delivery drivers employed by Defendant within the three years preceding the Court's Order." Doc. 10 at 2. Even without the stipulation, this Court finds that Holtry made the modest factual showing for conditional certification. Holtry alleged that he and all Little Falls Pizza delivery drivers used their own vehicles to deliver food for Little Falls Pizza, incurred vehicle-related expenses as a result, experienced similar driving conditions and distances, and were subject to the same pay policies and driver reimbursement policy. Doc. 1 at 8. Accordingly, this Court will grant conditional certification of a collective action by a class defined as all current and former delivery drivers employed by Little Falls Pizza within the three years preceding this Court's Order.

The parties further stipulate to a proposed Notice and Consent Form. After reviewing the forms, this Court approves the Notice and Consent forms to be sent to the defined class. This Court also approves the proposed notice procedures laid out in the motion. Doc. 10 at 2–4. Finally, this Court will stay all proceedings while the parties attempt to reach a settlement.

### III. Conclusion

For the foregoing reasons, it is

ORDERED that the Joint Motion to Approve Stipulated Form of Notice of Collective Action and Motion to Stay, Doc. 10, is granted. This Court conditionally certifies the following

collective action class: All current and former delivery drivers employed by Defendant within the three years preceding the Court's Order. It is further

ORDERED that the Notice and Consent forms, Doc. 10-1, are approved, and all stipulations regarding the notice procedures and all deadlines associated with the Notice and Consent forms are approved. It is finally

ORDERED that all proceedings in this matter are stayed pending the parties' settlement negotiations.

DATED this 12th day of February, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE