UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES HOLTRY, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED PERSONS;<br><br>Plaintiff,<br><br>vs.<br><br>LITTLE FALLS PIZZA, INC,<br><br>Defendant. | 5:24-CV-05064-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO APPROVE SETTLEMENT AND DISMISSING CASE |

The Fair Labor Standards Act (FLSA) permits employees to bring their FLSA claims through a collective action on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Employees wishing to participate in the collective action must opt in by filing written consent with the court. Id. Plaintiff James Holtry filed a proposed collective action against Defendant Little Falls Pizza, Inc., alleging that Little Falls Pizza violated the FLSA by failing to pay a proper minimum wage. Doc. 1. This Court granted the parties' joint motion to conditionally certify a collective action defined as "All current and former delivery drivers employed by Defendant within the three years preceding the Court's order." Doc. 13 at 5. Holtry sent notice of the collective action to these drivers, and five other individuals opted in to the collective action. Doc. 16-1.

The parties now jointly move for this Court to approve a settlement agreement and dismiss this case with prejudice. Doc. 17. The Eighth Circuit has declined at least three times to decide

1

whether judicial approval is needed for all FLSA settlements. See Barbee v. Big River Steel, LLC, 927 F.3d 1024, 1026–27 (8th Cir. 2019); Vines v. Welspun Pipes Inc., 9 F.4th 849, 854 n.1 (8th Cir. 2021); Melgar v. OK Foods, 902 F.3d 775, 779 (8th Cir. 2018). The first case was Melgar v. OK Foods, where the Eighth Circuit reviewed a district court's decision approving the settlement of FLSA claims but denying the agreed upon attorney's fees. 902 F.3d at 777–78. The Eighth Circuit assumed without deciding that the district court had "a duty to exercise some level of review of the Agreement and the attorneys' fee award." Id. at 779. As for what this review would look like, the Eighth Circuit explained that "where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees." Id. Rather, "review of attorneys' fees included in a settlement agreement requires a certain level of deference by the district court to the parties' agreement." Id. The Eighth Circuit found that the district court's "approach extended beyond the scrutiny the situation required" and held that the attorney's fees were fair and reasonable. Id.

The Eighth Circuit considered an FLSA settlement again in Barbee. The district court in that case approved the wage claim aspect of an FLSA settlement but reduced the attorney's fees the parties had agreed on. 927 F.3d at 1026. The Eighth Circuit acknowledged a circuit split over whether judicial approval is necessary for all FLSA settlements but again declined to decide the issue. Id. at 1026–27. The court instead issued a narrow ruling that "any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." Id. at 1027. Relying on the text of the FLSA, the Eighth Circuit reasoned that "any court judgment on the settled merits would necessarily be separate from any court review of the settled attorney fees." Id. Thus, "[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees'

counsel has no bearing on whether the employer has adequately paid its employees in a settlement." Id. The Eighth Circuit explained in a footnote, however, that "if FLSA settlements are subject to judicial review, the court would retain the authority to ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." Id. at n.1.

The Eighth Circuit considered an FLSA settlement for the third time in Vines. The district court in Vines rejected a settlement agreement of an FLSA claim and attorney's fees because it concluded the parties had not negotiated the FLSA claim separately from the attorney's fees as required by Barbee. Vines, 9 F.4th at 853. The district court eventually approved a new settlement agreement addressing only the FLSA claim but the parties could not agree on attorney's fees. Id. The plaintiffs moved separately for attorney's fees and the district court awarded only $1. Id. The Eighth Circuit upheld the district court's decision to deny the initial settlement agreement under Barbee but remanded the attorney's fee issue so that the district court could calculate the lodestar. Vines, 9 F.4th at 853–58. The Eighth Circuit declined once again to decide whether all FLSA settlements require judicial approval. "[A]ssuming that judicial approval was required for the FLSA claim," the Eighth Circuit explained, Barbee "left to district courts the authority to ensure (1) the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and (2) there was no conflict of interest between the attorney and his or her client." Vines, 9 F.4th at 853–54 (cleaned up and citation omitted).

With no clear answer from the Eighth Circuit, district courts within the circuit have continued to review FLSA settlements, at least when the parties seek approval. See Allshouse v. Joshua Agency, LLC, No. 1:21-cv-1032, 2023 WL 6166474, at *2 (W.D. Ark. Sept. 21, 2023); Isbell v. Polaris, Inc., No. 22-cv-1322, 2023 WL 6662980, at *1 (D. Minn. Oct. 12, 2023). Courts

3

may approve a proposed FLSA settlement if the case "involves a bona fide dispute" and the settlement "is fair and equitable to all parties." Stainbrook v. Minn. Dep't of Pub. Safety, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017). There is a bona fide dispute here. Holtry claims that Little Falls Pizza's delivery driver reimbursement rate inadequately reimbursed drivers for the expenses related to operating their own vehicles. Doc. 1 at 6. He alleges that these unpaid vehicle expenses resulted in drivers receiving less than minimum wage. Id. The parties disagree about the applicable reimbursement rate and Litte Falls Pizza's use of a tip credit. Doc. 17 ¶ 6.

The parties have submitted some information indicating that the settlement is fair and equitable. The parties say that they extensively negotiated the conditional certification of this collective action and that they only agreed to a settlement after informal discovery, including production of payroll and reimbursement records, allowed them to analyze the merits of the claims and defenses. Id. ¶¶ 2, 6–7; see Netzel v. W. Shore Grp., No. 16-cv-2552, 2017 WL 1906955, at *5 (D. Minn. May 8, 2017) (report and recommendation) (approving settlement agreement in part because the parties had engaged in enough informal discovery to allow them to evaluate their claims and engage in meaningful settlement talks). Plaintiffs were represented by experienced counsel, Doc. 17 ¶ 6; Doc. 17-2, and the parties agree that they are settling this case to save money and avoid the risks of further litigation, Doc. 17 ¶ 6; see Stainbrook, 239 F. Supp. 3d at 1126 (listing experience of counsel as one of the factors courts should consider when deciding whether to approve an FLSA settlement). The settlement provides that Little Falls Pizza shall pay a total sum of $35,000, with $15,300.57 going to the six Plaintiffs. Doc. 17-1 at 1–2, 8. The parties based the payments to the individual Plaintiffs on the number of miles driven, the rate of reimbursement, and the job each Plaintiff performed while working for Little Falls Pizza. Doc. 17 ¶ 8.

But the attorney's fees give this Court pause. The settlement allocates $19,699.43 of the $35,000 to attorney's fees and costs. Doc. 17-1 at 8. The parties don't assert that the attorney's fees were negotiated separately from the FLSA claims. Rather, Plaintiff's counsel says that there was a contingency fee agreement giving counsel 40% of the total settlement. Doc. 17-2 at 4–5. District courts within the Eighth Circuit have taken different approaches when attorney's fees are negotiated contemporaneously with the FLSA claim and the parties have agreed the attorneys get a percentage of the total settlement. Some courts have refused to approve the settlement at all, see Shanley v. Evereve, Inc., No. 22-CV-0319, 2022 WL 17076753, at *9–10 (D. Minn. Nov. 18, 2022) (denying motion to approve settlement because the fees were not separately negotiated from the plaintiffs' FLSA claim), while others have held that Barbee's ban on judicial review of settled attorney's fees does not apply and reviewed the fees for reasonableness, Del Toro v. Centene Mgmt. Co., No. 4:19-CV-02635, 2021 WL 1784368, at *2 (E.D. Mo. May 5, 2021); Allshouse, 2023 WL 6166474, at *3; White v. Northstar Media, Inc., No. 21-cv-2770, 2022 WL 3122925, at *3 (D. Minn. July 25, 2022).

This Court approves the settlement under the circumstances presented here. Plaintiffs' counsel incurred $5,699.43 in costs, which means the amount of attorney's fees sought is $14,000. Doc. 17-2 at 4–5. This $14,000 in attorney's fees is 40% of the total settlement, a significant amount relative to the amount the Plaintiffs are receiving. See Allshouse, 2023 WL 6166474, at *4 (noting that the "40% attorney's fees amount is slightly higher than the range ordinarily awarded in percentage-of-the-fund cases"). On the other hand, Plaintiffs' counsel is experienced and took this case on a contingency basis with no guarantee of recovery. He asserts that attorneys at his firm worked over 40 hours on this case already and estimates that they will work an additional 10 hours before the settlement is fully administered. Doc. 17-2 at 4. According to

counsel's declaration, the $19,699.43 in fees and costs equates to a negative lodestar, meaning that the attorneys are receiving less than the amount equivalent to their time spent on this case. Doc. 17-2 at 4; Doc. 17 ¶ 9. Keeping in mind that "review of attorneys' fees included in a settlement agreement requires a certain level of deference," this Court finds that the settlement is fair and equitable. Melgar, 902 F.3d at 779.

For the reasons stated above, it is

ORDERED that the Unopposed Motion for Approval of Settlement and Dismissal of Case with Prejudice, Doc. 17, is granted. The parties' proposed settlement is approved, and this case is dismissed with prejudice. It is further

ORDERED that this Court retains jurisdiction to interpret, implement, and enforce the settlement.

DATED this 23rd day of October, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE